KAVANAUGH, Circuit Judge,
concurring:
I join the Court’s opinion and write separately to underscore an important point about Ayissi-Etoh’s hostile work environment claim.
The briefing and argument in this case focused on a significant question: Can one isolated yet severe incident of discriminatory conduct establish a hostile work environment under federal anti-discrimination laws? Fannie Mae has argued that a “singular comment”- — even one as severe as the Fannie Mae Vice President’s alleged statement to Ayissi-Etoh, “Get out of my office nigger” — is “insufficient to establish an actionable hostile work environment.” Fannie Mae Br. 47. In my view, Fannie Mae is wrong on the law and wrong on the application of the law to the alleged facts of this case. The alleged statement by the Fannie Mae Vice President to Ayissi-Etoh by itself would establish a hostile work environment for purposes of federal anti-discrimination laws.
To be sure, as Fannie Mae notes, cases in which a single incident can create a hostile work environment are rare. See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (“isolated incidents (unless extremely serious) will not amount to” a hostile work environment); Stewart v. Evans, 275 F.3d 1126, 1134 (D.C.Cir.2002) (“Except in extreme circumstances, courts have refused to hold that one incident is so severe to constitute a hostile work environment. Even a few isolated incidents of offensive conduct do not amount to actionable harassment.”) (citation omitted); Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 848-49 (D.C.Cir.2001) (single incident of “religious slander” does not create a hostile work environment).
But saying that a single incident of workplace conduct rarely can create a hostile work environment is different from saying that a single incident never can create a hostile work environment. The test set forth by the Supreme Court is whether the alleged conduct is “sufficiently severe or pervasive” — written in the disjunctive — not whether the conduct is “sufficiently severe and pervasive.” A single, sufficiently severe incident, then, may suffice to create a hostile work environment. See EEOC COMPLIANCE Manual, Section 15: Race and ColoR Discrimination 37 (2006) (“a single, extremely serious incident of harassment may be sufficient to constitute a Title VII violation”); see also id. (“The more severe the harassment, the less pervasive it needs to be, and vice versa.”).
*580 Courts and commentators alike agree that a single physical act — such as a physical assault — can create a hostile work environment. See, e.g., Turnbull v. Topeka State Hospital, 255 F.3d 1238, 1243 (10th Cir.2001) (case concerning sexual assault where court stated: “Because frequency is merely one factor in the analysis, an isolated incident may suffice if the conduct is severe and threatening.”); Smith v. Sheahan, 189 F.3d 529, 534 (7th Cir.1999) (“ ‘extremely serious’ acts of harassment” like physical assault may be severe and need not also be pervasive) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)); Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir.1995) (“even a single incident of sexual assault sufficiently alters the conditions of the victim’s employment and clearly creates an abusive work environment for purposes of Title VII liability”), abrogated on other grounds by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); 3 Lex K. LaRSON, Employment DisCRImination § 46.05[3][b] (2d ed.2012) (“a single incident of physical assault against a coworker that is motivated by anti-female animus can qualify as severe enough to constitute an alteration of the co-worker’s conditions of employment”).
As several courts have recognized, moreover, a single verbal (or visual) incident can likewise be sufficiently severe to justify a finding of a hostile work environment. See, e.g., Reedy v. Quebecor Printing Eagle, Inc., 333 F.3d 906, 909 (8th Cir.2003) (racially hostile graffiti that amounted to death threat qualifies as “severe”); Richardson v. N.Y. State Dept. of Correctional Service, 180 F.3d 426, 437 (2d Cir.1999) (case involving the use of several racial epithets and insults where court stated: “even a single episode of harassment, if severe enough, can establish a hostile work environment”), abrogated on other grounds by Burlington N. & Santa Fe Railway Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); cf. Jackson v. Flint Ink North American Corp., 370 F.3d 791, 795 (8th Cir.2004) (“Even a single instance of workplace graffiti” involving a burning cross, “if sufficiently severe, can go a long way toward making out a Title VII claim”), rev’d on reh’g on other grounds, 382 F.3d 869 (8th Cir.2004).
It may be difficult to fully catalogue the various verbal insults and epithets that by themselves could create a hostile work environment. And there may be close cases at the margins. But, in my view, being called the n-word by a supervisor — as Ay-issi-Etoh alleges happened to him — suffices by itself to establish a racially hostile work environment. That epithet has been labeled, variously, a term that “sums up ... all the bitter years of insult and struggle in America,” LaNGSton Hughes, The Big Sea 269 (2d ed.1993) (1940), “pure anathema to African-Americans,” Spriggs v. Diamond Auto Glass, 242 F.3d 179, 185 (4th Cir.2001), and “probably the most offensive word in English,” RaNdom House Web-steR’s College Diotionaby 894 (2d rev. ed.2000). See generally Alex Haley, Roots (1976); Harper Lee, To Kill a Mockingbird (1960). Other courts have explained that “perhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of ... ‘nigger’ by a supervisor in the presence of his subordinates.” Spriggs, 242 F.3d at 185. No other word in the English language so powerfully or instantly calls to mind our country’s long and brutal struggle to overcome racism and discrimination against African-Americans.
In short, the case law demonstrates that a single, sufficiently severe incident may create a hostile work environment action *581 able under 42 U.S.C. § 1981 or Title VII. Here, as I see it, the alleged statement by the Fannie Mae Vice President to Ayissi-Etoh itself would establish a hostile work environment. With that understanding, I join the Court’s opinion.